IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHEILA MITCHELL

and

TARSHA WILSON

    Plaintiffs,

v.

ALPHA KAPPA ALPHA SORORITY, INC.

    Defendant.

Case No. 1:05-cv-02065-EGS

Judge: Emmet G. Sullivan

## ANSWER OF DEFENDANT ALPHA KAPPA ALPHA SORORITY, INC. TO PLAINTIFFS' COMPLAINT

Defendant Alpha Kappa Alpha Sorority, Inc. ("AKA"), by counsel, sets forth its response to the Complaint filed by Plaintiffs Sheila Mitchell and Tarsha Wilson.

### First Defense

AKA responds to the numbered paragraphs of the Complaint as follows:

1. Admitted.

2. Denied that AKA operates a "licensed business" in the District of Columbia.

3. – 52. AKA is without knowledge or information sufficient to form a belief as to the truth of these allegations.

53. The AKA Anti-Hazing Handbook speaks for itself.

54. – 59. AKA is without knowledge or information sufficient to form a belief as to the truth of these allegations.

60. Admitted that the quoted language or language similar to it is a part of the AKA anti-hazing policy.

61. AKA is without knowledge or information sufficient to form a belief as to the truth of these allegations.

62. Admitted that Plaintiffs were suspended. Otherwise denied.

## Count I: Breach of Contract

63. AKA incorporates by reference its responses to the foregoing paragraphs.

64. Denied.

65. These allegations constitute legal conclusions to which no response is required.

66. Denied.

67. Denied.

## Count II: Defamation

68. AKA incorporates by reference its responses to the foregoing paragraphs.

69. Denied.

70. – 73. AKA is without knowledge or information sufficient to form a belief as to these allegations, and they are therefore denied.

74. – 77. Denied.

## Count III: Negligence

78. AKA incorporates by reference its responses to the foregoing paragraphs.

79. – 84. Denied.

85. – 89. AKA denies that Plaintiffs are entitled to any of the relief sought.

90. All allegations not specifically admitted above are hereby denied.

## Second Defense

91. Plaintiffs have failed to state a claim upon which relief can be granted.

### Third Defense

92. Plaintiffs have failed to exhaust their administrative remedies.

### Fourth Defense

93. Plaintiffs have failed to state a claim for defamation or plead any defamatory statement with sufficient particularity.

### Fifth Defense

94. Plaintiffs have failed to state a claim for punitive damages, for the recovery of the costs of litigation, or for pre-judgment interest.

### Sixth Defense

95. Plaintiffs have waived and/or are estopped from bringing the claims asserted.

### Seventh Defense

96. Plaintiffs' defamation claim involves privileged communications.

### Eighth Defense

97. Any allegedly defamatory statements made by AKA concerning Plaintiffs were true.

### Ninth Defense

98. Plaintiffs' claims represent non-justiciable controversies, as they are governed by the internal rules, practices, and procedures of AKA.

### Tenth Defense

99. Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

WHEREFORE, Alpha Kappa Alpha Sorority, Inc. requests that Plaintiffs' Complaint be dismissed with prejudice and that Defendant be awarded such other relief as the Court deems appropriate.

{D0056035.1}

Respectfully submitted,

/s/_____
Thomas S. Schaufelberger, Bar No. 371934
Wright, Robinson, Osthimer & Tatum
5335 Wisconsin Avenue, NW
Suite 920
Washington, DC  20015-2054
Telephone:  202-244-4668
Facsimile:  202-244-5135

*Counsel for Alpha Kappa Alpha Sorority, Inc.*

{D0056035.1}

## CERTIFICATE OF SERVICE

I hereby certify that, on this 16th day of December, 2005, a true and correct copy of the foregoing Answer of Defendant Alpha Kappa Alpha Sorority, Inc. to Plaintiffs' Complaint was served via first-class United States mail, postage prepaid, upon:

Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD  20772

*Counsel for Plaintiffs Sheila Mitchell and Tarsha Wilson*

/s/_____
Thomas S. Schaufelberger