IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEILA MITCHELL, *et al.*        ) | |
| )                                   | |
| Plaintiffs,       )                 | |
| )                                   | Case No. 1:05-cv-02065-EGS |
| v.                )                 | |
| )                                   | Judge Emmet G. Sullivan |
| ALPHA KAPPA ALPHA SORORITY, INC.)   | |
| )                                   | |
| Defendant         )                 | |

### REPORT ON DISCOVERY PLANNING CONFERENCE

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and District of Columbia Local Rule 16.3, the parties held their discovery and planning conference, and they hereby submit the following as their joint report:

1.  Early Disposition:   While the parties have not yet undertaken discovery in this case, Defendant Alpha Kappa Alpha Sorority, Inc. ("AKA") believes at this time that the case is likely to be disposed of by a dispositive motion. Plaintiffs Sheila Mitchell and Tarsha Wilson ("Plaintiffs") do not believe that a dispositive motion may dispose of the case.

2.  Amended Pleadings:  The parties request the ability to join any other parties to the case or amend the pleadings herein until July 31, 2006. As discovery proceeds, the parties will work together to narrow the facts and legal issues in the case.

3.  Magistrate Judges:   The parties do not consent to a trial before a magistrate judge.

4.  Settlement:   At this time, the Defendant does not believe there is a realistic possibility of settling this case. The Plaintiffs believe that settlement discussions may prove fruitful.

5.  <u>Alternative Dispute Resolution:</u>    The parties have discussed whether the case is suitable for one or more of the Alternative Dispute Resolution ("ADR") mechanisms available under the Court's ADR program, and have agreed that the case is not suitable for ADR at this time. At the close of discovery, the parties may benefit from the Court's ADR program.

6.  <u>Recommended Dates for Dispositive Motions:</u>    The parties recommend and request that the Court set the following dates with respect to dispositive motions to be filed in this case:

    a.  The parties shall have until forty-five (45) days after the close of discovery to file dispositive motions.

    b.  The parties shall have thirty (30) days to file oppositions to any dispositive motions.

    c.  The parties shall have fifteen (15) days to file any replies to oppositions to dispositive motions.

7.  <u>Disclosures:</u>

    a.  Initial Disclosures:    The parties do not stipulate to dispense with the initial disclosures, required by Fed. R. Civ. P. 26(a)(1), and suggest that all initial disclosures be made by July 19, 2006.

    b.  Expert Disclosures:    The parties recommend that the expert disclosures be made as set forth below in paragraph 9.

    c.  Pretrial Disclosures:    These disclosures are already required to be made as part of the Court's mandatory form Joint Pretrial Conference Report. These disclosures will be made in that form and need not be made separately as would otherwise be required by Fed. R. Civ. P. 26(a)(3).

8. <u>Discovery Procedures in Addition to Disclosures:</u>

    a. Depositions: The parties anticipate that approximately ten (10) depositions will need to be taken in this case, and the parties do not waive the ten (10) deposition limit set out in Fed. R. Civ. P. 39(a)(2)(A).

    b. Interrogatories: The parties stipulate that the twenty-five (25) interrogatory limit, established by Fed. R. Civ. P. 33(a), is to be followed.

    c. Production of Documents: The parties agree that either party may serve an unlimited number of requests for production of documents.

    d. Requests for Admissions: The parties agree that either party may serve an unlimited number of requests for admissions.

    e. Recommended Discovery Cut-Off: The parties recommend that the Court order that discovery close on November 30, 2006.

9. <u>Expert Witnesses:</u> The parties recommend that the Court order that the Plaintiffs identify their expert witnesses in writing and serve these identifications and the expert reports, as required by Fed. R. Civ. P. 26(a)(2), on or before September 30, 2006. The parties further recommend that the Court order that the Defendant identify its experts witnesses and serve these identifications and the expert report, as required by Fed. R. Civ. P. 26(a)(2), on or before October 30, 2006.

10. <u>Class Actions:</u> This case is not a class action.

11. <u>Bifurcation:</u> The parties submit that the trial and/or discovery should not be bifurcated or managed in phases.

12. <u>Pretrial Conference:</u> The parties recommend that the Pretrial Conference be set for February 21, 2007.

13. <u>Trial Date:</u>   The parties recommend that the Court set a firm trial date at the Pretrial Conference.

WHEREFORE, Plaintiffs Sheila Mitchell and Tarsha Wilson, and Defendant Alpha Kappa Alpha Sorority, Inc., respectfully request that the Court issue a Scheduling Order consistent with the deadlines set forth herein, and waive the parties' requirement to appear for a Scheduling Conference in this case.

Respectfully submitted,

/s/_____
Jimmy A. Bell, MD Bar No. 14639
Law Office of Jimmy A. Bell, Esq.
9610 Marlboro Pike
Upper Marlboro, MD 20772
Washington, D.C. 20007
Telephone:   301-599-7620
Facsimile:    301-599-7623
*Counsel for Sheila Mitchell & Tarsha Wilson*


/s/_____
Thomas S. Schaufelberger, Bar No. 371934
Shannon H. Bates, Bar No. 480186
Saul Ewing LLP
1025 Thomas Jefferson Street, NW
Suite 425 West
Washington, D.C. 20007
Telephone:   202-295-6600
Facsimile:    202-295-6700
*Counsel for Alpha Kappa Alpha Sorority, Inc.*