# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEILA MITCHELL<br><br>and<br><br>TARSHA WILSON<br><br>      Plaintiffs,<br><br>v.<br><br>ALPHA KAPPA ALPHA SORORITY, INC.<br><br>      Defendant. | Case No. 1:05-cv-02065-EGS<br><br>Judge: Emmet G. Sullivan |

## DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS

Defendant Alpha Kappa Alpha Sorority, Inc. ("AKA"), by counsel, hereby requests that Plaintiffs answer the following Interrogatories under oath and in writing pursuant to Rule 33 of the Federal Rules of Civil Procedure.

## INSTRUCTIONS AND DEFINITIONS

A.     Whenever in these interrogatories a request for information is framed in the conjunctive, the request should also be interpreted in the disjunctive, and vice versa, so as to interpret the request broadly, rather than narrowly. The singular of a noun should be interpreted as including the plural form, and vice versa.

A.     The term "communication" as used herein shall include all oral, visual, written, or other means of transmitting information or statements.

B.     The terms "you" and "your" as used herein shall refer to Plaintiffs Sheila Mitchell and Tarsha Wilson and shall include all of your agents, servants, attorneys, consultants, representatives, and all other persons acting or purporting to act on your behalf.

C. "Document" shall mean the original, or a copy of the original, if you do not possess the original, and all nonidentical copies of any medium upon which intelligence or information is recorded, or from which intelligence or information can be retrieved, regardless of original or present location or custody, including, but not limited to, papers, letters, telegrams, telexes, memoranda, notes, sound recordings, minutes, periodicals, magazines, newspapers, pamphlets, advertisements, articles, internal correspondence, reports, records, studies, contracts, statements, logs, audits, charts, legal instruments, declarations, filings, drafts, plans, diagrams, pictures, circulars, announcements, directives, schedules, specifications, standards, instructions, manuals, photographs, negatives, brochures, publications, statistical records, desk calendars, appointment books, diaries, computer disks, computer tapes, computer printouts, data processing program libraries, data processing input and output, computer memories, microfilms, accounts, budgets, journals, ledgers, bills, invoices, orders, bids, checks, receipts, and the like, whether handwritten, typed, printed, coded, tape recorded, photographed, or otherwise made, including information stored, made or maintained by electronic, mechanical or magnetic means. The term "document" includes each and every draft, excerpt, revision, or amendment of the above.

D. "Identify" or "identification," when used with reference to a natural person, shall mean, without limitation, to state each of the following: (1) the person's full name; (2) the person's present address; (3) the person's present employer, title, and business address; and (4) the person's employer, title, substantive responsibilities, and business address during the period covered by the interrogatory in which such person's identification is requested.

E. "Identify" or "identification," when used with reference to an entity other than a natural person, shall mean, without limitation, to state each of the following: (1) the entity's full official name; (2) all other names, including any d/b/a(s) by which the entity is known; (3) the entity's

present business address(es) and telephone number(s); (4) business address and type of business or activities engaged in by the entity during the period covered by the interrogatory in which such entity's identification is requested.

F.  "Identify" or "identification," when used with reference to a fact or occurrence of any kind, shall mean, without limitation, to state each of the following: (1) the date, time, and place (including street address where appropriate) of the fact or occurrence, (2) a description of the circumstances surrounding the fact or occurrence, (3) an identification of all persons who were present at or have any personal knowledge of the fact or occurrence, and (4) the substance of the fact or the occurrence.

G.  "Identify" or "identification," when used with reference to a document, shall mean to state each of the following: (1) a description of the nature of the document, (2) an identification of the person(s) who adhered or originated the document, (3) the person(s) to whom the document was sent, (3) an identification of the defendant(s) or other person(s) who has possession of the original document or a copy, and (4) (if the document has been or will be produced by you in this litigation) the identifying number stamped on the document.

H.  To the extent that you consider any of these interrogatories objectionable, respond to so much of each interrogatory as, in your view, is not objectionable. Separately identify that part or aspect of each interrogatory to which you object and each ground for such objection.

I.  If any documents responsive to any interrogatory herein or fairly comprised within the scope of the following interrogatories have been lost, destroyed, or are otherwise unlocatable or not presently within your possession, or are in the possession of your attorneys, employees, investigators, agents, representatives, or anyone acting in cooperation or concert with you or otherwise under your direction or control, please provide in lieu of a true and correct copy thereof a

list of each document so lost, destroyed, unlocatable, or not within the possession thereof together with the following information:

    1.    a description of such document;

    2.    the date of origin;

    3.    the author of the document;

    4.    whether the document was lost, destroyed, unlocatable, or no longer within the possession thereof;

    5.    the date upon which any such document was lost or destroyed;

    6.    the substance of the document;

    7.    the date on which the document was last seen where it was last seen and the identity of the person in whose possession the document was last seen;

    8.    a brief statement of the manner in which any such document was lost or destroyed.

J.    If you claim privilege as a ground for failing to provide any information requested, respond to that part of each such interrogatory that, in your view, does not request allegedly privileged information or communications. For each claim of privilege, describe the factual basis for your claim of privilege in sufficient detail to permit the court to adjudicate the validity of the claim, including without limitation, the following information:

    1.    a brief description of the nature of the information;

    2.    the name and title of each person who has knowledge of the information;

    3.    a brief description of the subject matter of the information;

    4.    the number of the interrogatory to which the information is responsive;

    5.    if a document, the author, date, and recipient of such document.

## **INTERROGATORIES**

1. As to the person(s) answering these Interrogatories, please state your full name(s), address, telephone number, date of birth, marital status and dates of any and all marriages, former names and social security number.

2. Identify all persons who have given written or recorded statements concerning the subject matter of this litigation, state the date of each such statement, and identify the person taking the statement and its present custodian.

3. Identify all persons with knowledge of the facts alleged in the Complaint, including, for each person, a description of such information, and identify all documents referring or relating to such information.

4. With respect to your allegation that AKA breached a contract, identify the contract(s) allegedly breached and identify every provision of the contract(s) that AKA allegedly breached.

5. With respect to your allegation that AKA is liable for defamation, identify the content of the defamatory statement(s), who made the statement(s), persons with knowledge about the statement(s) and identify any documents referring or relating to the statement(s).

6. With respect to your allegation that AKA was negligent, identify the specific AKA policy and/or provision which was allegedly violated and identify any acts which you contend constitute negligence by AKA.

7. Identify all persons who participated in the events described in Paragraphs 25 and 26 of the Complaint and the location of these events.

8. Identify your roles and participation in the events described in Paragraphs 25 and 26 of the Complaint and set forth with specificity everything that transpired during these events.

9. Identify whether any member or agent of AKA ever made any statements or admissions regarding the allegations in the Complaint, including with your Answer, the date and substance of same.

10. Insofar as not already identified in your answers to other Interrogatories, identify each document upon which you rely in providing and preparing your answers to these Interrogatories and identify the custodian of each such document.

11. State the names, addresses, and telephone numbers of each and every person whom you or your attorney expects to call as an expert witness at the trial of this matter, and state, exactly and in detail, with regard to each, the subject matter on which each is expected to testify, the substance of the facts and opinions to which each such expert is expected to testify, and a summary of the grounds for each such opinion.

12. Identify all persons you intend to call as witnesses in this action.

13. Identify all documents that you intend to use as exhibits at the trial of this case.

14. With respect to damages, itemize all amounts you are seeking to recover from AKA in this action, indicate the basis upon which you claim they are owed, how each item was calculated, persons with knowledge about these amounts and identify all documents that refer or reflect such amounts.

Respectfully submitted,

*(signature)*
Thomas S. Schaufelberger, Bar No. 371934
Shannon H. Bates, Bar No. 480186
Wright, Robinson, Osthimer & Tatum
5335 Wisconsin Avenue, NW
Suite 920
Washington, DC 20015-2054
Telephone: 202-244-4668
Facsimile: 202-244-5135

*Counsel for Alpha Kappa Alpha Sorority, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 26th day of June, 2006, a true and correct copy of the foregoing Defendant's First Set of Interrogatories to Plaintiffs was served via first-class United States mail, postage prepaid, upon:

Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772

*Counsel for Plaintiffs Joie Jolevare and Salome Tinker*

*(signature)*
Shannon H. Bates