# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEILA MITCHELL<br><br>and<br><br>TARSHA WILSON<br><br>Plaintiffs,<br><br>v.<br><br>ALPHA KAPPA ALPHA SORORITY, INC.<br><br>Defendant. | Case No. 1:05-cv-02065-EGS<br><br>Judge: Emmet G. Sullivan |

### DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW Defendant Alpha Kappa Alpha Sorority, Inc. ("AKA"), by counsel, and requests that the Plaintiffs produce the following documents pursuant to Rule 34 of the Federal Rules of Civil Procedure. Pursuant to Rule 34, Plaintiffs shall serve a written response within 30 days after service of this Request. The documents are to be produced for inspection and/or copying, on or before the thirty-third day following the service of this request, at the law offices of Saul Ewing LLP, 1025 Thomas Jefferson Street, NW, Suite 425 West, Washington, D.C. 20007.

### INSTRUCTIONS AND DEFINITIONS

A.   In accordance with Rule 34, your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the Request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

B.  In accordance with Rule 34, documents shall be produced as they are kept in the usual course of business, where you shall organize and label them to correspond with the categories of the Request.

C.  Pursuant to Rule 34, these Requests encompass all items within your possession, custody or control.

D.  Pursuant to Rule 34, these Requests are continuing in character so as to require you to promptly amend or supplement your response if you obtain further material information.

E.  If Plaintiffs decline to produce documents pursuant to a claimed privilege, work product immunity, or on the basis of some other objection, Plaintiffs shall list all such documents in chronological order, setting forth as to each document the following:

1) Date

2) Author(s)

3) Addressee(s)

4) Title

5) Type of document

6) Subject matter

7) Basis for the claimed privilege or objection

8) Identity of all persons to whom copies of such documents were sent or circulated.

F.  If in responding to these Requests you encounter any ambiguity in construing any requests, instruction or definition, set forth the matter deemed ambiguous and the construction used in responding.

G.  The term "person" means any individual, partnership, firm, corporation, association, joint venture, business organization and other legal entity.

H.  As used herein, the terms "document" or "documents" means the original and any non-identical copy (whether different from the original because of notes made on or attached to

2

such copy or otherwise) of all written materials of any kind or nature relating to all the allegations of this lawsuit in the possession, custody or control of Plaintiffs or any of Plaintiffs' agents, employees or other third parties, including, without limitation, any letters, memoranda, reports, notes, correspondence, minutes of meetings, telegrams, financial records or notations of telephone or personal conversations or conferences, interoffice communications, tape records, contracts, charts, graphs, invoices or other documentary material of any nature whatsoever. The meaning of "document" or "documents" shall also be the same as that used in and defined in the Defendant's First Set of Interrogatories to Plaintiffs.

I.  As used herein, a document "referring to, relating to or concerning" a given subject matter, means a document that constitutes, embodies, comprises, reflects, discusses, identifies, states, refers to, comments on, responds to, describes, analyzes, contains information concerning, or is in any way pertinent to that subject matter, including, without limitation, documents concerning the presentation of other documents.

J.  As used herein, a "communication" is any transmission or exchange of information, written or oral, formal or informal.

K.  The terms "all" and "each" shall be construed as all and each.

L.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise be construed to be outside its scope.

M.  The use of the singular form of any word includes the plural and vice versa.

N.  As used herein, the terms "you," "your," and "Plaintiffs," shall mean the Plaintiffs listed in the Complaint.

O.  All other terms shall have the same meaning as used in the Complaint, and/or Interrogatories unless provided otherwise.

## **DOCUMENTS REQUESTED**

1. All documents relating to any matter set forth in your Complaint.

2. All documents relating to or concerning any injury or damage you claim resulted from any matter set forth in your Complaint.

3. All documents that support your claim for damages.

4. All documents generated, created, and/or provided by any person with respect to any issue in this case.

5. A *curriculum vitae* together with any other documents in your possession pertaining to the credentials and/or qualifications of each individual whom you may call as an expert witness in the trial of this matter.

6. All documents and/or tangible things whose production has not been otherwise requested pursuant to any other item of these Requests which you intend to offer into evidence at the trial of this case.

7. All documents and/or reports prepared by expert witnesses whom you intend to call at trial.

8. All documents and/or tangible things whose production has not been otherwise requested pursuant to any other item of these Requests which are related to any Interrogatory propounded by Defendant.

9. All documents reviewed, relied upon or referred to by you in answering Defendant's Interrogatories.

4

10. All documents of any kind or nature that relate to or would support any claim against the Defendant as set forth in the Complaint.

11. All executed contracts referenced in Paragraphs 65 and 66 of the Complaint.

12. All documents referenced in your Complaint.

13. All documents received from AKA referring to, relating to or concerning your suspensions from AKA.

14. All documents referring to, relating to or concerning the events referenced in Paragraphs 25 and 26 of the Complaint.

15. All documents referring to, relating to or concerning your appeal of the suspensions from AKA.

16. All exhibits which you intend to introduce at trial.

Respectfully submitted,

Thomas S. Schaufelberger, Bar No. 371934
Shannon H. Bates, Bar No. 480186
Wright, Robinson, Osthimer & Tatum
5335 Wisconsin Avenue, NW
Suite 920
Washington, DC  20015-2054
Telephone: 202-244-4668
Facsimile: 202-244-5135

*Counsel for Alpha Kappa Alpha Sorority, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 26th day of June, 2006, the foregoing Defendant's First Set of Requests for Production of Documents was served via first-class United States mail, postage prepaid, upon:

Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD  20772

*Counsel for Plaintiffs Joie Jolevare and Salome Tinker*

Shannon H. Bates